FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

2015 FEB -6 P 12: 54

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

DIRECTORS ADVANTAGE, INC.
P.O. Box 177
Clinton, NC 28329,

      Plaintiff,

v.

CREMATIONS.COM,

      Defendant.

Civil Action No. 1: 15CV 141

## VERIFIED COMPLAINT

Plaintiff Directors Advantage, Inc., by counsel, alleges as follows for its *in rem* Complaint against Defendant:

## NATURE OF THE SUIT

1.    This is an *in rem* action for cybersquatting under the Federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), stemming from wide-ranging aggressive, unethical, and unlawful sales practices and bad faith actions of the registrant of CREMATIONS.COM and/or its agents or representatives that have created both deception and confusion in the marketplace.

2.    Directors Advantage, Inc. seeks transfer of the Defendant domain name.

## PARTIES

3.    Directors Advantage, Inc. is a corporation organized and existing under the laws of the state of North Carolina with a principal business address of P.O. Box 177, Clinton, NC 28329 (together with predecessors-in-interest "Directors Advantage").

4. CREMATIONS.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is registered in the name of "VRE Group Ltd." of "46 Peel Street, Hull, Great Britain HU31QR." A copy of the domain name registration record for CREMATIONS.COM is attached as Exhibit A.

5. Upon information and belief, and based upon Directors Advantage's research and due diligence, there is no active registered company in the United Kingdom under the name "VRE Group Ltd." and there is no company by this name operating at the physical address identified in the domain name registration record for CREMATIONS.COM.

6. Upon information and belief, "VRE Group Ltd." is fictitious entity name.

## JURISDICTION, VENUE AND JOINDER

7. This is a civil action for federal cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

8. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has *in rem* jurisdiction over the Defendant domain name pursuant to 15 U.S.C. § 1125(d)(2)(A). *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(i)(I) because the registration for the Defendant domain name appears to identify a fictitious entity and therefore the true identity of the registrant cannot be determined. Alternatively, *in rem* jurisdiction is also appropriate under 15 U.S.C. § 1125(d)(2)(A)(i)(II) because the registration for the Defendant domain name identifies an entity that is purportedly located in the United Kingdom and therefore Directors Advantage cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

10.     Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the .COM domain name registry, VeriSign, Inc., is situated in this judicial district and the Defendant domain name is a.COM domain name that is located in the district.

11.     Directors Advantage is providing notice, concurrently with the filing of this complaint, to the Defendant of its intent to proceed *in rem* pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(II)(aa).

## DIRECTORS ADVANTAGE'S RIGHTS

12.     Directors Advantage has served funeral home clients with technology and digital marketing services for many years including the provision of services such as development of memorial tribute videos, funeral home websites, online memorials, and provision of funeral and memorial webcasting services.

13.     Directors Advantage is the owner of all right, title, and interest in and to the CREMATION.COM domain name and trademark.

14.     The CREMATION.COM domain name and trademark have been used since the year 2000.

15.     The CREMATION.COM domain name has been used as a trademark for nearly fifteen years to promote and provide goods, services, and information to consumers in the field of funeral services.

16.     Over the last few years alone, Directors Advantage's CREMATION.COM site and service has received over 500,000 visitors who have conducted over 1,000,000 searches for products and services.

17.     Directors Advantage's CREMATION.COM trademark and associated goods and services have been promoted in numerous major media organizations including, for example, the

3

Huffington Post, the Dallas Morning News, the Bradenton Herald, and MainStreet.com. Examples are attached as Exhibit B.

18.     As a result of the extensive use and promotion of the CREMATION.COM trademark for nearly 15 years, as well as media coverage of the CREMATION.COM site and services, consumers associate the CREMATION.COM mark with Directors Advantage and view CREMATION.COM as a symbol of origin and a source indicator.

19.     Directors Advantage's use of the CREMATION.COM mark in U.S. Commerce in association with the provision of goods and services to Internet consumers entitles Directors Advantage to common law trademark rights in the CREMATION.COM mark.

20.     The actions of the registrant of the Defendant domain name and/or agents of the registrant in making unauthorized use of Directors Advantage's CREMATION.COM trademark, and in misrepresenting their relationship with CREMATION.COM as discussed below, further demonstrates that the CREMATION.COM mark is entitled to trademark protection.

21.     The CREMATION.COM mark is also registered with the U.S. Patent and Trademark Office under registration number 4532441.  *See* Exhibit C.

## UNLAWFUL REGISTRATION
## AND/OR USE OF THE DEFENDANT DOMAIN NAME

22.     The registrant of the Defendant CREMATIONS.COM registered the domain name on or about October 28, 2014.

23.     The registrant of the Defendant CREMATIONS.COM, "VRE Group Ltd.", appears to be a fictitious entity and the address identified in the domain name registration is located outside of the U.S.

24.     Following registration of the CREMATIONS.COM domain name to the current registrant, the domain name has been used to display a website and purported Internet directory

service that simulates Directors Advantage's legitimate site and service available at

CREMATION.COM.

    25.    The registrant of CREMATIONS.COM and/or its agents or representatives have

engaged in a wide range of aggressive, unethical, and unlawful sales practices while soliciting

potential customers to pay for advertisements on CREMATIONS.COM. Among other things,

these practices include the following:

- The registrant of CREMATIONS.COM and/or its agents or representatives have misrepresented to potential customers that the sales solicitations were being made on behalf of Directors Advantage's legitimate CREMATION.COM site as opposed to CREMATIONS.COM.

- The registrant of CREMATIONS.COM and/or its agents or representatives have fraudulently requested and accepted payments for advertisements on Directors Advantage's legitimate CREMATION.COM site when in fact such persons have no affiliation with Directors Advantage or CREMATION.COM.

- The registrant of CREMATIONS.COM and/or its agents or representatives have engaged in sales tactics such as swearing at potential customers after advising and/or implying that they were acting on behalf of on Directors Advantage's legitimate CREMATION.COM site.

- The registrant of CREMATIONS.COM and/or its agents or representatives have misrepresented to potential customers that Directors Advantage's legitimate CREMATION.COM site was going out of business.

- The registrant of CREMATIONS.COM and/or its agents or representatives have purchased the CREMATION.COM trademark as a search engine keyword though Google so that a Google search for CREMATION.COM will result in display of a hyperlinked advertisement for Defendant CREMATIONS.COM.

    26.    The actions of the registrant of CREMATIONS.COM and/or its agents or

representatives have resulted in actual confusion and deception in the marketplace in that

Directors Advantage has received numerous inquiries from consumers who mistakenly believe

that there is some affiliation between Directors Advantage and Defendant CREMATIONS.COM

and/or who mistakenly believe that they have purchased services from Directors Advantage

when in fact they have sent payment to agents of Defendant CREMATIONS.COM.

27.    At least one confused consumer has threatened to file a lawsuit against Directors Advantage due to the unlawful business practices of the registrant of CREMATIONS.COM and/or its agents or representatives and this person's mistaken belief that Directors Advantage was responsible for such actions.

28.    Upon information and belief, the Defendant domain name was registered by the current registrant for the purpose of creating consumer confusion with Directors Advantage's CREMATION.COM site and service including when Internet users make a typographical error on their keyboard when attempting to reach CREMATION.COM by typing CREMATIONS.COM.

29.    Upon information and belief, the registrant of the Defendant domain name is receiving compensation based on confusion in the marketplace between CREMATIONS.COM and Directors Advantage's legitimate site and service available at CREMATION.COM.

30.    Upon information and belief, the Defendant domain name does not reflect the legal name of the registrant of the domain name.

31.    Upon information and belief, the registrant of the Defendant domain name has not engaged in bona fide noncommercial or fair use of Directors Advantage's CREMATION.COM mark in a website accessible under the Defendant domain name.

32.    The website displayed by the registrant of the Defendant domain name is likely to be confused with Directors Advantage's legitimate online location at CREMATION.COM and actual consumer confusion and deception is occurring in the marketplace.

33.    Upon information and belief, the registrant of the Defendant domain name registered the domain name with intent to divert consumers away from Directors Advantage's

online location CREMATION.COM, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Defendant domain name and the site displayed through use of the Defendant domain name.

34.     Upon information and belief, the registrant of the Defendant domain name provided material and misleading false contact information when applying for and maintaining the registration of the Defendant domain name in that "VRE Group Ltd." is not an actual and/or active UK company.

35.     Directors Advantage sent a cease and desist letter to the registrant of the Defendant CREMATIONS.COM on December 22, 2014 and has received no response to this correspondence.

## CLAIM FOR RELIEF

### Violation of the Federal Anticybersquatting Consumer Protection Act

36.     Directors Advantage repeats and realleges each and every allegation set forth in the foregoing paragraphs 1-35, as though fully set forth herein.

37.     Directors Advantage's CREMATION.COM mark is famous and/or distinctive and was famous and/or distinctive prior to the time of registration of the Defendant domain name by the current registrant.

38.     The aforesaid acts by the registrant of the Defendant domain name constitute registration, trafficking in, or use of a domain name that is confusingly similar to Directors Advantage's CREMATION.COM mark, with bad faith intent to profit therefrom.

39.     Directors Advantage is not able to obtain *in personam* jurisdiction over the registrant of the Defendant domain name or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

7

40.     Directors Advantage, despite its due diligence, has been unable to find a real person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

41.     The aforesaid acts by the registrant of the Defendant domain name constitute unlawful cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

42.     The aforesaid acts have caused, and are causing, great and irreparable harm to Directors Advantage and the public.  The harm to Directors Advantage includes harm to the value and goodwill associated with the CREMATION.COM mark that money cannot compensate.  Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.  Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Directors Advantage is entitled to an order transferring the Defendant domain name registration to Directors Advantage.

### PRAYER FOR RELIEF

WHEREFORE, Directors Advantage respectfully requests of this Court:

1.     That judgment be entered in favor of Directors Advantage on its claim of cybersquatting.

2.     That the Court order the Defendant domain name be transferred to Directors Advantage by directing VeriSign, Inc. to change the registrar of the CREMATIONS.COM domain name from Moniker Online Services LLC to Godaddy.com, LLC and directing Godaddy.com, LLC to change the registrant of the domain name to Directors Advantage.

3.     That any other domain names registered by the registrant of the Defendant domain name that resemble or include the CREMATION.COM mark be transferred to Directors Advantage.

4.     That the Court order an award of costs and reasonable attorney's fees incurred by

Directors Advantage in connection with this action pursuant to 15 U.S.C. § 1117(a); and

5.      That the Court order an award to Directors Advantage of such other and further

relief as the Court may deem just and proper.

Dated: February 6, 2015          By:   _____

Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (*for pro hac admission*)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wileyrein.com
dweslow@wileyrein.com

*Counsel for Plaintiff*
*Directors Advantage, Inc.*

## **VERIFICATION**

I, Ellery Bowker, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the CEO of Plaintiff Directors Advantage, Inc. and the facts contained in the foregoing verified complaint are true and correct.

_____

Ellery Bowker

_____2/3/15_____

Date

10