# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VIRGINIA

## Alexandria Division

| | | |
|---|---|---|
| Directors Advantage, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15c141 |
| | ) | |
| Cremations.com | ) | |
| | ) | |
| Defendant. | ) | |

Memorandum of Law In Support of Motion to Dismiss

Comes Now the Defendant, Cremations.com, by counsel and files this Memorandum of Law in support of its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ i
**INTRODUCTION** ............................................................................................................ 1
**BACKGROUND** ............................................................................................................. 1
**ARGUMENT AND CITATIONS OF SUPPORTING AUTHORITIES** ...................... 2
    A.    Legal Standard……………………………………………….. 2
    B.    No Allegation of Infringement of Figurative Trademark……. 2
**CONCLUSION** ................................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S Ct. 1937 (2009)……………………………….2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). .................................................. 2, 3

*Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009) ............................................................ 2

*In re Hotels.com*, L.P., 573 F.3d 1300, 91 USPQ2d 1532 (Fed. Cir. 2009) ........................ 4

*In Re 1800Mattress.com,* 586 F.3d 1359, 1363 (Fed. Cir. 2009) ........................................ 4

*Park N' Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189 (1985).................................... 4

*Shields v. Zuccarini*, 89 F. Supp. 2d 634 (E.D. Pa. 2000) ................................................... 5

**Statutes**

Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ...................... 1, 3, 4, 5

**Rules**

8 ........................................................................................................................................ 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 2, 6

**INTRODUCTION**

The matter before the Court is an *in rem* action against the domain name cremations.com under the Anti-cybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125(d). This action is based on service by publication, and plaintiff affirmatively alleges lack of personal jurisdiction over any party or defendant.

As the Plaintiff has failed, even if you take the allegations in the Complaint as true, to state a claim, this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

The relevant facts in this case are simple. Plaintiff alleges the domain name CREMATIONS.COM (the "Domain Name") was registered in October 2014, and a website relating to cremation services was linked to the Domain Name. *See* Complaint ¶¶ 4, 13-20, 22. While the time of registration of the domain name was actually substantially earlier, the facts as alleged by Plaintiff are assumed for the purpose of this Motion. Plaintiff claims that the domain name registration and the website violate its rights in the figurative "CREMATION.COM" and design mark. *See* Complaint ¶¶ 4, 13-20, 22, 24, and Exhibit A.

Plaintiff's figurative "CREMATION.COM" and design mark was registered with the USPTO under registration number 4532441 in May 2014. *See id*. ¶ 21, Exhibit C. This is a United States figurative registration, with an express disclaimer of "cremation.com" made by Plaintiff in response to an Official Action of the USPTO which deemed the textual "cremation.com" component of the Plaintiff's alleged figurative mark to be merely descriptive. Indeed, the recited description of goods and services on

the face of the registration include "cremation," and the first use claimed by Plaintiff is May 2013. *See id*. Defendant domain name is registered to a British company. *See id*. ¶ 4.

In view of Plaintiff's express disclaimer, its cybersquatting claim fails as a matter of law, and any confusion between Plaintiff's mark and Defendant domain name is a consequence of their mutual use of a merely descriptive term. Furthermore, Plaintiff has not been using the mark long enough for there to be a change in acquired distinctiveness. Thus, pursuant to Fed. R. Civ. P. 12(6), Defendant domain name respectfully submits that the Court should enter an Order dismissing the Complaint.

**ARGUMENT AND
CITATION OF SUPPORTING AUTHORITIES**

*A.* **Legal Standard**

Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief. The Supreme Court has made clear that Rule 8 requires more than bare legal conclusions in order to survive a motion to dismiss pursuant to Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, considered with the assumption that the facts alleged are true. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. at 193 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)). A complaint must contain more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action "will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. No Allegation of Infringement of Figurative Trademark

In its Complaint, Plaintiff asserts a single claim for relief, under the ACPA, 15 U.S.C. § 1125(d)(1). To maintain this *in rem* action, Section 1125(d) requires Plaintiff's mark to have been "distinctive at the time of registration of the domain name." 15 U.S.C. § 1125(d)(1)(A)(ii)(I). Here, the Plaintiff *disclaimed* cremation.com when it registered its service mark only recently with the United States Patent and Trademark Office ("USPTO"). See Complaint, Exhibit C.[1] As Plaintiff concedes in the Complaint, its trademark is for the *design* of the logo and Plaintiff's trademark registration expressly affirms "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'CREMATION.COM', APART FROM THE MARK AS SHOWN." Complaint, Exhibit C.

Specifically, the Plaintiff's mark consists of the artistic rendering of a heart containing an urn with the stylized 'cremation.com" to the right. Complaint Exhibit C. Plaintiff does not allege the defendant domain name constitutes "the mark as shown" in Plaintiff's limited figurative trademark registration.

Plaintiff expressly disclaimed exclusive right to use the text "cremation.com" in its trademark application, and this disclaimer is printed on the face of Plaintiff's trademark registration certificate. *See* Complaint, Exhibit C. Since Plaintiff does not allege any *trademark* rights in "cremation.com" at the time Defendant domain registered

---

[1] While for purposes of this motion, the allegations contained in the Complaint must be taken as true, the date of registration of cremations.com is incorrect- the date referenced is a transfer, the domain was in fact registered on December 5, 2014 prior to the Plaintiff's USPTO registration.

the "cremations.com" domain name, and was in fact disclaiming such a right, Plaintiff cannot maintain an ACPA cause of action against Defendant domain. *See* 15 U.S.C. § 1125(d)(1)(D). Simply put, Defendant domain is not using Plaintiff's mark as Plaintiff disclaimed the word cremation.

Generic terms cannot be registered as a trademark with the USPTO. *See Park N' Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985) ("Generic terms are not registrable"). To do so would improperly confer the right to exclude others from using the common name of a class of goods or services – just as Plaintiff attempts to do here.

There is extensive precedent in support of the conclusion that the combination of ".com" and a generic term does not result in a descriptive mark. The Federal Circuit has repeatedly affirmed the Trademark Trial and Appeal Board's ("Board") findings that marks similar to cremation.com are generic. For example, in *In re Hotels.com LP*, 573 F.3d 1300, 1304, 91 USPQ2d 1532, 1535 (Fed. Cir. 2009), the Court affirmed the Board's finding that "the composite term HOTELS.COM communicates no more than the common meanings of the individual components".

In *In re 1800Mattress.com IP, LLC*, 586 F.3d 1359, 1363 (Fed. Cir. 2009), the Board found "MATTRESS.COM" for online retail store services in the field of mattresses, beds, and bedding was generic, and the court held that substantial evidence supported that conclusion.

Any confusion between Plaintiff's figurative mark and Defendant domain name is a consequence of their mutual use of a merely descriptive term - namely the words "cremations" and "cremation."  Plaintiff's cybersquatting claim fails as a matter of law because of the Plaintiff's *expressly admitted* lack of distinctiveness in cremation.com.

4

Any confusion is a consequence of the parties' mutual use of a merely descriptive term, and does not give rise to an action under ACPA. *See* 15 U.S.C. § 1125(d)(1)(A)(ii)(I).

Finally, even if Plaintiff's disclaimer of cremation.com were not dispositive on the issue of distinctiveness, the registration of Plaintiff's CREMATION.COM design mark also clearly states that Plaintiff has only been using its mark since May 2013. Complaint, Exhibit C. Such use is not long enough for it to have acquired distinctiveness under Lanham Act Section 2(f), 15 U.S.C. §1052(f), under which prima facie evidence of acquired distinctiveness is set forth as "substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years before the date on which the claim of distinctiveness is made". *See, e.g., Shields v. Zuccarini*, 89 F. Supp. 2d 634, 638 (E.D. Pa. 2000) (duration is used in determining distinctiveness and fame of mark for purposes of 15 U.S.C. § 1125(d)).

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: March 6, 2015

                                      Respectfully submitted,

                                      Cremations.com
                                      By counsel

| /s | |
|---|---|
| _____ | Stevan Lieberman, Esq. |
| Jonathan Westreich, Esq., | Greenberg & Lieberman, LLC |
| VSB No. 37393 | 2141 Wisconsin Ave., NW Suite C2 |
| 604 Cameron Street | Washington, D.C. 20007 |
| Alexandria, Virginia 22314 | (202) 625-7000 |
| 703-299-9050 | Fax: 202-625-70001 |
| fax: 703-548-1831 | Stevan@aplegal.com |
| jonathan@westreichlaw.com | |

5

John Berryhill, Ph.d. Esq.
204 East Chester Pike
First Floor, Suite 4
Ridley Park, PA 19078
+1.610.565.5601
+1.267.386.8115 fax
[john@johnberryhill.com](mailto:john@johnberryhill.com)

Attorneys for Defendant CREMATIONS.COM