**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| Directors Advantage, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15c144 |
| | ) | |
| Cremations.com | ) | |
| | ) | |
| Defendant. | ) | |

<u>Memorandum of Law In Support of
Motion to Dismiss Amended Complaint</u>

Comes Now the Defendant, Cremations.com, by counsel and files this Memorandum of Law in support of its motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

# **TABLE OF CONTENTS**

**INTRODUCTION**......................................................................................................................1

**BACKGROUND AND FACTS** ................................................................................................1

**ARGUMENT AND CITATION OF SUPPORTING AUTHORITIES**...................................2

    A.       Applicable Legal Standard.................................................................................................2

    B.       Plaintiff Cannot Claim Any Protection In The Name

               "CREMATION.COM" ....................................................................................................3

           1. The Term "Cremation.com" is A Generic Term and Not Entitled to Any Protection
           2. Plaintiff Also Disclaimed The Purported Mark
           3. The Purported Mark Has Not Acquired Distinctiveness

    C. Plaintiff's Cybersquatting Claim Requires Plaintiff to Demonstrate that It Holds Common Law Trademark in the Name "CREMATION.COM" .................................................................8

**CONCLUSION** ........................................................................................................................10

**CERTIFICATE OF SERVICE** ...............................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

*Advertise.com, Inc. v. AOL Adver., Inc.*, 616 F.3d 974  (9th Cir. 2010)......................................4, 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937  (2009) ................................................................2

*Ashley Furniture Indus., Inc. v. Sangiacomo N.A. Ltd.*, 187 F.3d 363, 369 (4th Cir. 1999)...........3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544  (2007) ....................................................................2

*BellSouth Corp. v. DataNational Corp.*, 60 F.3d 1565 (Fed. Cir. 1995)........................................4

*Closed Loop Mktg., Inc. v. Closed Loop Mktg., LLC*, 589 F. Supp. 2d 1211  (E.D. Cal. 2008) .6, 7

*Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214 (4th Cir. 2002)..............................8, 9

*In re 1800Mattress.com IP, LLC*, 586 F.3d 1359  (Fed. Cir. 2009) .................................................5

*In re Franklin Press*, 597 F.2d 270 (CCPA 1979)..........................................................................7

*In re Hotels.com LP*, 573 F.3d 1300,  91 USPQ2d 1532  (Fed. Cir. 2009).....................................5

*In re Reed Elsevier Properties Inc.*, 482 F.3d 1376, 82 USPQ2d 1378 (Fed. Cir. 2007) ..............5

*In re Oppedahl & Larson LLP*, 373 F.3d 1171, 71 USPQ2d 1370 (Fed. Cir. 2004) ......................5

*Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 122 (1938)  ....................................................8

*Parham v. Pepsico, Inc.*, 927 F. Supp. 177 (E.D.N.C. 1995) .........................................................7

*Perini Corp. v. Perini Const., Inc.*, 915 F.2d 121 (4th  Cir. 1990)...................................................3

*Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522 (4th Cir. 1984).......................................................7

*Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455 (4th Cir. 1996)................................................4

*Trump Plaza of the Palm Beaches Condo Ass'n, Inc. v. Rosenthal*, 2009 U.S. Dist. LEXIS 54450
   (S.D. Fla. June 24, 2009). ...........................................................................................................9

*Two Pesos, Inc. v. Taco Cabana*, Inc., 505 U.S. 763 (1992)..........................................................3

*Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264 (4th Cir. 2001) ............................8, 9

**Statutes**

15 U.S.C. § 1127..............................................................................................................................3

15 U.S.C.A. § 1052(f).....................................................................................................................8

Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)...............................................1

iv

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................... i, 1, 2, 6, 7, 9

Fed. R. Civ. P. 8 ................................................................................................................ 2, 6

## INTRODUCTION

The matter before the Court is an *in rem* action against the domain name cremations.com under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). Service was made by publication, and Plaintiff expressly admits lack of personal jurisdiction over any party or Defendant.

As the Plaintiff has failed, even if you take the allegations in the Amended Complaint as true, to state a claim, this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND AND FACTS

Plaintiff Directors Advantage, Inc. ("Plaintiff"), a funeral home service company, brings a one count Amended Complaint in this action entirely predicated on its purported protectable interest in the so-called common law trademark – "CREMATION.COM." Plaintiff focuses its business on the provision of goods and services to consumers in the field of funeral services, notably cremation. *See, e.g.,* Amend. Compl. at ¶¶ 12, 15.

The relevant facts in this case are simple. Plaintiff alleges the domain name CREMATIONS.COM (the "Domain Name") was registered in October 2014, and a website relating to cremation services was linked to the Domain Name. *See* Amd. Compl. ¶¶ 21-23. While the time of registration of the domain name was actually substantially earlier, the facts as alleged by Plaintiff are assumed for the purpose of this Motion.

Plaintiff is seeking trademark protection for the generic phrase "CREMATION.COM" based on a claim of common law trademark rights. Plaintiff is not entitled to any protection for the purported mark CREMATION.COM to signify and advertise cremation as the phrase is generic. Plaintiff has already admitted, in an application for a trademark in the United States Patent and Trade Office ("USPTO"), and of record in this proceeding in the original Complaint, that the very term that it now seeks protection for does not qualify for recognition as an enforceable mark under the Lanham Act. Upon making this disclaimer of CREMATION.COM, Plaintiff admitted it had no protectable interest in the term "CREMATION.COM."

## ARGUMENT AND CITATION OF SUPPORTING AUTHORITIES

### A. Applicable Legal Standard

Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief. The Supreme Court has made clear that Rule 8 requires more than bare legal conclusions in order to survive a motion to dismiss pursuant to Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, considered with the assumption that the facts alleged are true. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 193 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

A complaint must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action "will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In view of Plaintiff's express disclaimer, its cybersquatting claim fails as a matter of law, and any confusion between Plaintiff's mark and Defendant domain name is a consequence of their mutual use of a merely descriptive term.  Furthermore, Plaintiff has according to its PTO filing, not been using the mark long enough for there to be a change in acquired distinctiveness.  Thus, pursuant to Fed. R. Civ. P. 12(b)(6), Defendant domain name respectfully submits that the Court should enter an Order dismissing the Complaint.

**B. Plaintiff Cannot Claim Any Protection In The Name "CREMATION.COM"**

**1. The Term "CREMATION.COM" Is A Generic Term Not Entitled To Any Protection.**

Trademarks are "any word, name, symbol, or device, or any combination thereof [used] to identify and distinguish [one's] goods. . .from those manufactured or sold by others and to indicate the source of the goods." 15 U.S.C. § 1127.  Trademarks are classified in categories of generally increasing distinctiveness: 1) generic; 2) descriptive, 3) suggestive; 4) arbitrary; and 5) fanciful or coined.  *Two Pesos, Inc. v. Taco Cabana*, *Inc.*, 505 U.S. 763 (1992).

A generic mark, which is something of an oxymoron, refers to the genus or class of which a particular product is a member, and can never be protected.  *Ashley Furniture Indus., Inc. v. Sangiacomo N.A. Ltd.,* 187 F.3d 363, 369 (4th Cir. 1999); *see also Perini Corp. v. Perini Const., Inc.,* 915 F.2d 121, 124 (4th Cir. 1990).

A term that is a common name for a product or service is generic and such descriptive terms, absent having acquired secondary meaning are not protected under the Lanham Act. *Larsen v. Terk Techs. Corp.*, 151 F.3d 140, 148 (4th Cir. 1998). A generic term describes a product *generally* and cannot inform the public that the product has a particular source. *BellSouth Corp. v. DataNational Corp.*, 60 F.3d 1565, 1569 (Fed. Cir. 1995).

An alleged trademark is considered generic, and therefore ineligible for protection, if it merely denominates a type, kind, genus or subcategory of goods. *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 464 n.10 (4th Cir. 1996) (citations omitted). *See also Advertise.com, Inc. v. AOL Adver., Inc.*, 616 F.3d 974, 977 (9th Cir. 2010).

In this case, the Plaintiff broker of funeral services seeks protection of "CREMATION.COM" – a term that generally describes the very products and services that Plaintiff and/or its advertisers are selling. "CREMATION.COM", by virtue of it's being the mere dictionary word "cremation" prepended to the internet address identifier ".com", does no more than to indicate the availability of cremation services and/or the advertisement of such services provided by the Plaintiff's advertisers.

It indicates the availability of "cremation", and not any particular source of such services, which indeed is the entire basis for the desirability of such generic terms as internet domain names, because the internet domain name system provides a measure of practical exclusivity in the uniqueness of ".com" addresses which is unattainable by the operation the most basic principles of trademark law.

The mere addition of ".com" to a descriptor is generic and, therefore, not subject to trademark protection. For example, in *In re Hotels.com LP*, 573 F.3d 1300, 1304, 91 USPQ2d 1532, 1535 (Fed. Cir. 2009), the Court ruled that "the composite term HOTELS.COM communicates no more than the common meanings of the individual components" despite substantial evidence of extensive commercial success and recognition of "HOTELS.COM" as denominating a hotel booking website.

In *In re 1800Mattress.com IP, LLC*, 586 F.3d 1359, 1363 (Fed. Cir. 2009), the Court held that "MATTRESS.COM" for online retail store services in the field of mattresses, beds, and bedding was generic. The same result has held in cases addressing such alleged marks as "LAWYERS.COM", notably operated by a longstanding and prominent publisher of lawyer directories, and "PATENTS.COM" for the respective services denominated by such generic word-formative internet domain names. *In re Reed Elsevier Properties Inc.*, 482 F.3d 1376, 82 USPQ2d 1378 (Fed. Cir. 2007) (LAWYERS.COM generic for "providing an online interactive database featuring information exchange in the fields of law, legal news and legal services"); *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 71 USPQ2d 1370 (Fed. Cir. 2004) (PATENTS.COM merely descriptive of computer software for managing a database of records and for tracking the status of the records by means of the Internet).

The Plaintiff here nonetheless invites this court to proceed on the basis that "cremation", as a signifier of the availability of cremation services, differs in some remarkable fashion from every other word in the English language generically identifying a good or service of some kind.

Any confusion between Plaintiff's figurative mark and Defendant domain name is a consequence of their mutual use of a merely generic term - namely the words "cremations" and "cremation" whether to advertise cremation services, a directory by which consumers may find cremation services, or an advertising platform by which providers of cremation services may signify the availability thereof - it is the very point of using the word "cremation" within Plaintiff's alleged "CREMATIONS.COM" mark.  Plaintiff's cybersquatting claim fails as a matter of law because Plaintiff has no protectable right in the generic term "CREMATION.COM."

Defendant acknowledges that whether a mark is generic is a question of fact. *Advertise.com, Inc.*, 616 F.3d at 977.  This, however, does not mean that a court can never dismiss a claim at the 12(b)(6) stage on the ground that a mark is generic and thus invalid, and it is entirely proper for a court to take judicial notice of the direct and primary meaning of common English words.  *See, e.g., Closed Loop Mktg., Inc. v. Closed Loop Mktg., LLC*, 589 F. Supp. 2d 1211, 1217 (E.D. Cal. 2008).

In short, the Court is not obligated to blindly accept Plaintiff's threadbare and formulaic factual allegations that the phrase "CREMATION.COM" is "distinctive and/or famous" when used by Plaintiff to market funeral services  or to blindly accept Plaintiff's legal conclusion that trademark rights attach to the phrase, while failing to notice what the word "cremation" means to any English speaker.  Such rote recitation of the elements of a claim is insufficient under Fed. R. Civ. P. 8.  *See, Twombly,* 127 S.Ct. at 1965, fn. 3 (noting that Rule 8(a) requires a "showing," rather than a blanket assertion and stating that Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it") (citation omitted).

Here, it is not only implausible that the name "CREMATION.COM" as used to sell funeral supplies and services is protectable as a trademark, but Plaintiff did not plead any facts to support its blanket allegation that the name is distinctive or famous. Dismissal is thus proper under Rule 12(b)(6). *See Closed Loop Mktg., Inc.*, 589 F. Supp. 2d at 1217. See also, *Parham v. Pepsico, Inc.*, 927 F. Supp. 177, 179 (E.D.N.C. 1995) (granting Rule 12(b)(6) motion to dismiss trademark claim in reliance, in part, on the rule that generic terms are not protectable).

2. **Plaintiff Also Disclaimed The Purported Mark**

Second, independent of the genericness of CREMATION.COM, the Amended Complaint should be dismissed because Plaintiff expressly *disclaimed* CREMATION.COM when it registered its figurative service mark with the USPTO. *See* Complaint (Doc. 1), Exh. C. As stated in Exhibit C annexed to the original Complaint, Plaintiff unconditionally disclaimed "the exclusive right to use 'cremation.com', apart from the [registered] mark as shown." Compl. (Doc. 1), Exh. C). While the Plaintiff, in its Amended Complaint, is not relying on the registration, the statements of fact made by the Plantiff in its registration are still statements of fact.

Thus, in addition to the fact that Plaintiff's purported common law mark "CREMATION.COM" is not protectable because of its genericness, Plaintiff has relinquished or waived any protected right in this term <u>beyond</u> the limited figurative form illustrated in Plaintiff's registration. *See In re Franklin Press*, 597 F.2d 270, 273 (CCPA 1979) (effect of a disclaimer is to <u>disavow</u> any exclusive right to the use of a specified word or phrase outside of its use within a composite mark); *See also, Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1529 (4th Cir. 1984).

### 3. The Purported Mark Has Not Acquired Distinctiveness

The Plaintiff has used the alleged (generic) mark, "CREMATION.COM" either since 2000 (*see* Amend. Compl. ¶ 21) or 2013 (Ex. C, Compl.) depending on which factual statement you rely upon. Initially, generic terms are common property and may not be appropriated by one competitor in the market necessarily denominated by the generic terms. *Kellogg Co. v. National Biscuit, Co.*, 305 U.S. 111, 122 (1938). Plaintiff's use since 2013, as stated in the patent application, is insufficient to acquire distinctiveness under section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f) which requires substantially exclusive and continuous use for five years before the date on which distinctiveness is claimed. *See e.g. Shields v. Zuccarini*, 89 F.Supp.2d 634, 638 (E.D. Pa. 2000).

### C. Plaintiff's Cybersquatting Claim Requires Plaintiff to Demonstrate That It Holds a Common Law Trademark in the Name "CREMATION.COM"

Plaintiff has filed a single claim in this action, under the Federal Anticybersquatting Consumer Protection Act or "ACPA." This claim necessarily rests on Plaintiff's purported common law trademark in the name "CREMATION.COM," which Plaintiff cannot establish. Thus, Plaintiff's claim must fail, as explained in greater detail herein below.

As a threshold matter, standing under the ACPA is limited to trademark owners. *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 232 (4th Cir. 2002); *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 267 (4th Cir. 2001) (ACPA forces "the *rightful owners of the marks* 'to pay for the right to engage in electronic commerce under their own *brand* name'").

In the present case Plaintiff expressly disclaimed a protectable interest in CREMATION.COM under the Act on which this action is premised. Plaintiff's lack of a registration for the purported "CREMATION.COM" mark, and its lack of any protectable interest in that name, precludes Plaintiff from having any standing to assert a cybersquatting claim under the ACPA. *See Harrods Ltd.,* 302 F.3d at 232 (4th Cir. 2002); *Virtual Works, Inc.*, 238 F.3d at 267; *Trump Plaza of the Palm Beaches Condo Ass'n, Inc.,* 2009 U.S. Dist. LEXIS 54450, at *32. Failing, as a threshold matter, to plead facts sufficient to support Plaintiff's claim of a protectable mark, Plaintiff's other allegations of consumer confusion etc. are irrelevant.

## **CONCLUSION**

Stated simply and succinctly, Plaintiff's claim that it has a protectable interest in the name CREMATION.COM is implausible and contrary to law due to the name's genericness. As a result, Plaintiff's Amended Complaint should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: April _____, 2015

                                                        Respectfully submitted,

                                                        Cremations.com
                                                      By counsel

___/s_____  
Jonathan Westreich, Esq.,          Stevan Lieberman, Esq.  
VSB No,. 37393          Greenberg & Lieberman, LLC  
604 Cameron Street          2141 Wisconsin Ave., NW Suite C2  
Alexandria, Virginia 22314          Washington, D.C. 20007  
703-299-9050          (202) 625-7000  
fax: 703-548-1831          Fax: 202-625-70001  
jonathan@westreichlaw.com          Stevan@aplegal.com  
                                                      Counsel to the Plaintiff

John Berryhill, Ph.d. Esq.  
204 East Chester Pike  
First Floor, Suite 4  
Ridley Park, PA 19078          Attorneys for Defendant  
+1.610.565.5601  
+1.267.386.8115 fax          CREMATIONS.COM  
john@johnberryhill.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 6th day of April 2015, a true and correct copy of the foregoing was served via ECF to the following counsel of record:

Attison L. Barnes, III
David E. Weslow
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006

                                                            _____
                                                             Jonathan Westreich, Esq.