IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Directors Advantage, Inc., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:15cv141 |
| Cremations.com | ) ) ) | |
| Defendant. | ) | |

Reply Brief in Support of Motion to Dismiss

Comes Now Cremations.com, by counsel, and files this Reply Brief in Support of its motion to dismiss the complaint in this matter.

As a preliminary matter, Cremations.com concedes that a cybersquating claim may, in theory, be based on common law trademark rights. Where, as here however, the party asserting trademark rights has conceded that the phrase for which protection is alleged is, in fact generic, there can be no such rights.

This Court may take judicial notice of official government documents and pleadings. See Secretary of State for Defense v. Trimble Navigation, Ltd., 484 F.3d 700, 706 (4th Cir. 2007) (court may properly take notice of matters of public record). Here, the Plaintiff attached to its initial complaint, trademark registration number 86017469. The Plaintiff, has therefore, made the trademark filings part of this matter. The entire filings are relevant.

In the Initial Application dated July 23, 2013, the Plaintiff sought protection for the term, 'cremation.com.' (See Exhibit A, Initial Application.) By Office Action dated November 13, 2013 the U.S. Patent and Trademark Office required the Plaintiff disclaim any rights in the

1

phrase 'cremation.com' because it "merely describes and ingredient, quality, characteristic, function, feature, purpose or use of applicant's goods and/or services." (See Office Action, Exhibit 2, at pg 2 and analysis contained therein.) On November 15, 2013 an Examiners Amendment was issued stating that counsel for the applicant had authorized an amendment to the application disclaiming the phrase 'cremation.com' apart from the figurative mark. (See Examiners Amendment, Exhibit 3.)

It is not the mere disclaimer that supports dismissal of the Amended complaint. It is the factual underpinning for the disclaimer, the basis as outlined by the U.S. Patent and Trademark Office and accepted by the Plaintiff: the alleged mark is generic and merely describes the services offered. It should be noted that the parties are competitors – both providing funeral home and cremation services.

Regarding the Plaintiff's argument that the generic "cremation.com" is distinctive, the facts belie this assertion. In November of 2013, 19 months ago, the phrase was not distinctive - hence, the USPTO action. Further, as a generic term, the plaintiff has no exclusive right in the use of "cremation.com." Kellogg Co, v. National Biscuit Co., 305 U.S. 111 (1938). The concept of "secondary meaning' has no application to a generic phrase: anyone can use a generic term. Id. at 118-19.

In Hunt Masters v. Landy's Seafood Restaurant, the Fourth Circuit addressed the same fact pattern as before the Court in this matter. 240 F.3d 251 (4th Cir. 2000). In Hunt Masters the plaintiff's registration disclaimed the phrase "crab house" just as the Plaintiff in this matter disclaimed "cremation.com." Id. at 253. The Plaintiff in Hunt Masters asserted common law rights. Id. The Court was clear: "Hunt has no protectable interest in the term "crab house" . . .

2

."   Similarly, the Plaintiff here has no protectable interest in the generic term "cremation.com."

This matter is before the Court on the Plaintiff's Amended Complaint.   While leave to amend is to be liberally granted, it is not endless.   Cremations.com respectfully requests that this Court dismiss the amended complaint without leave to amend.

Date: April 22, 2015.

                                                     Respectfully submitted,

                                                     Cremations.com
                                                     By counsel

      /s
_____

| | |
|---|---|
| Jonathan Westreich, Esq., | and |
| VSB No. 37393 | |
| 604 Cameron Street | John Berryhill, Ph.d. Esq. |
| Alexandria, Virginia 22314 | 204 East Chester Pike |
| 703-299-9050 | First Floor, Suite 4 |
| fax: 703-548-1831 | Ridley Park, PA 19078 |
| jonathan@westreichlaw.com | +1.610.565.5601 |
| | +1.267.386.8115 fax |
| and | john@johnberryhill.com |
| | |
| Stevan Lieberman, Esq. | Attorneys for Defendant |
| Greenberg & Lieberman, LLC | CREMATIONS.COM |
| 2141 Wisconsin Ave., NW Suite C2 | |
| Washington, D.C. 20007 | |
| (202) 625-7000 | |
| Fax: 202-625-70001 | |
| Stevan@aplegal.com | |

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2015, a true and correct copy of the foregoing was served via ECF to the following counsel of record:

Attison L. Barnes, III
David E. Weslow
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
abarnes@wileyrein.com
dweslow@wileyrein.com                    /s
                                    _____
                                    Jonathan Westreich, Esq.